IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FILOMENA WHITE REALTY, INC.,** **Appellants** | No. 3:11cv1563 |
| v. | (Judge Munley) |
| **WILLIAM R. TAITT and DIANE TAITT,** **Appellees** | (Bankruptcy Appeal) |

## MEMORANDUM

Before the court is Filomena White Realty, Inc.'s appeal from the Bankruptcy Judge John J. Thomas's decision granting William and Diane Taitt's motion to avoid a nonpossessory nonpurchase money judicial lien. The matter has been fully briefed and is ripe for disposition. For the following reasons, the appeal will be denied.

**Background**

On December 29, 2009, Debtors filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code. (Debtor's Br. at 1 (Doc. 7)). Appellees William and Diane Taitt (hereafter "Debtors") were the owners of real estate at 117 Bridle Road, Stroudsburg, Monroe County, Pennsylvania.[1] There was a total of four liens on the property. The value of the property was said to be $380,000.00 at the time of the petition.[2] (Bankruptcy Ct. Op. at 1 (Doc. 2-5)). The property was subject to a first

---

[1] At the time of the bankruptcy decision, the Debtors were the owners of the property. They now assert that the Trustee of the estate filed a motion to sell the property and the property was sold on September 23, 2011. (Debtor Br. at 4 (Doc. 7)). Appellant Filomena White Realty did not address the sale of the property and stated in their brief "Debtors remain the fee simple owners" of the real property at issue. (Filomena Br. at 1 (Doc. 5)).

[2] Debtors assert that they amended their Bankruptcy Schedules and changed the actual value of the property from $380,000.00 to $285,000.00 on August 15, 2011. (Debtor's Br. at 2 n.2 (Doc. 7)).

and second mortgage in favor of ESSA Bank & Trust, totaling $328,000.00. (Id.) Appellant Filomena White Realty, Inc. (hereafter "Filomena") had a third judgment lien, in the amount of $123,643.10. (Id.) This judgment resulted from Debtor's default on a commercial mortgage held by Filomena and was entered in Monroe County Court of Common Pleas. (Mot. to Avoid Nonpossessory Nonpurchase Money J. Lien at 1 (Doc. 2-1)). Filomena's judgment was followed by a fourth lien in the form of a mortgage in favor of Helen Diecidue[3] in the amount of $115,000.00. (Bankruptcy Ct. Op. at 1 (Doc. 2-5)). While the Diecidue mortgage predates Filomena's judgment, Diecidue executed a subordination agreement resulting in her mortgage being primed by the judgment. (Id.)

The Debtors claimed a $40,400.00 exemption in their real estate as set forth on Schedule C of their petition. (Debtor's Br. at 3 (Doc. 7)). On May 7, 2010, Debtor claims that all of their dischargable debts were deemed discharged under 11 U.S.C. § 727 and Filomena did not object. (Id. at 2). On October 20, 2010, Debtors filed a motion to avoid Filomena's judgment lien under 11 U.S.C. § 522(f). (Doc. 2-1).

On July 18, 2011, Judge John J. Thomas issued his decision granting the Debtor's motion to strike the judgment. (Bankruptcy Ct. Op. (Doc. 2-5)). The court rejected Filomena's argument "that the subordination agreement somehow elevates the status of the judgment into something closer to the mortgage lien" and found that Filomena's lien was avoidable. (Id. at 2). The bankruptcy court examined 11 U.S.C. §

---

[3] The bankruptcy court indicated Filomena's brief referred to Helen Diecidue as the mother of Diane Taitt, one of the Debtors. (Bankruptcy Ct. Op. at 1 n. 1 (Doc. 2-5)). The court found, "[t]his bare allegation was made without suggestion that it was an improper filing, and it is mentioned only in the interest of full disclosure." (Id.)

522(f)(2)(a) to determine whether Filomena's judgment impaired Debtor's claimed exemption. By inserting the relevant numbers into the statutory formula, the bankruptcy court found that the sum total of Filomena's lien, the other liens on the property and the amounts of the exemption that the Debtors would claim if there were no liens exceeds the value of the property absent any liens. (Id. at 2-3). The excessive figure was "well above the face amount of [Filomena's] judicial lien resulting in that lien being avoidable *en toto*." (Id. at 3). The court noted that while the statute may act to the detriment of the judgment holder, "the result appears to be a conscious decision by Congress." (Id.)

On July 27, 2011, Filomena appealed the bankruptcy court's decision to this district court. (Notice of Appeal (Doc. 1)). The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

**Legal Standard**

The district court reviews the bankruptcy court decisions of law *de novo*. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

3

Filomena argues that the Debtors are not entitled to avoid the judgment lien. It contends that the subordination agreement with Helen Diecidue fundamentally altered the nature and character of Filomena's judgment and somehow changed it into something other than an avoidable judicial lien. We find that Filomena's judicial lien was avoidable and impaired Debtor's otherwise applicable exemption. Therefore, we will deny the appeal.

Under the Bankruptcy Reform Act, "an individual debtor may exempt from property of the estate . . . property that is specified in subsection (d) . . . ." 11 U.S.C. § 522(b)(1)(2). Subsection (d)(1) allows for an exemption of "[t]he debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ." 11 U.S.C. § 522(d)(1). In the instant case, the Debtors claimed a $40,400 exception in their real estate as set forth in Schedule C of their petition.

The Bankruptcy Reform Act also provides, "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--(A) a judicial lien . . ." 11 U.S.C. § 522 (f)(1). Pursuant to this statute, Debtors filed a motion to avoid Filomena's judicial lien.

While Filomena concedes that the Debtors may avoid the judicial lien if it impairs an exemption, it claims that Filomena's judgment was altered when Helen Diecidue voluntarily executed a subordination agreement with Filomena. (Filomena's Br. at 4 (Doc. 5)). Filomena argues that the "recorded subordination agreement created a 'sandwich' effect wherein the recast and reclassified . . . judgment lien of Filomena White Realty sits ahead of the consensual mortgage lien of Helen Diecidue and behind the

consensual mortgage liens of ESSA Bank and Trust." (Id. at 5). It appears that Filomena is making the same argument as it did before the bankruptcy court that the subordination agreement transformed the judgment lien into a mortgage, similar to the mortgages that preceded and succeeded its interest. The bankruptcy court rejected this argument by citing In re Ashe, 669 F.2d 105, 109 (3d Cir. 1982), vacated and remanded sub nom. Commonwealth Nat'l Bank v. Ashe, 459 U.S. 1082 (1982), reinstated, 712 F.2d 864 (3d Cir. 1983); (Bankruptcy Ct. Op. at 2 (Doc. 2-5)). We likewise find Ashe dispositive of Filomena's argument.

In Ashe, a bank argued that the bankruptcy court erred in finding a cognovit note is an avoidable judicial lien. In re Ashe at 108. It contended that because the note was a consensual undertakings it should be treated more like a mortgage. 669 F.2d 105, 109 (3d Cir. 1982). The Third Circuit found that judicial liens are the only liens that are avoidable under Section 522(f)(1). Id. A "judicial lien" is defined by the Bankruptcy Reform Act as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A "security interest," on the other hand, is a "lien created by an agreement" and is not avoidable under that statute. 11 U.S.C. § 101(51). The Third Circuit found that "both a filed cognovit note and the consent judgment fit within the definition of 'judicial lien' . . . ." In re Ashe, 669 F.2d at 109. It also reasoned that the bank's cognovit note which resulted in the lien was "created not by the agreement, but by the judgment," and was thus avoidable. Id.

The Third Circuit's reasoning in Ashe was not altered by the Supreme Court's remand. The Court of Appeals reaffirmed its findings that the judgment note lien is a judicial lien. In re Ashe, 712 F.2d at 868 ("The Bank contends that we erred when in our initial decision [by] treat[ing] their judgment note lien as a judicial lien rather than a security interest or a

5

mortgage . . . We reject that contention . . . we are convinced that the analysis of that question in our <u>Ashe</u> opinion is sound.").

In the instant case, Filomena argues that because there was a subordination agreement where the parties "agreed" to allow Filomena to advance its priority over another mortgage, that it is less like a judicial lien and more like a mortgage or security interest.  However, Filomena's judgment lien resulted from litigation in Monroe County Court of Common Pleas due to the Debtor's default on a commercial mortgage held by Filomena.  (Mot. to Avoid Nonpossessory Nonpurchase Money J. Lien at 1 (Doc. 2-1)).  As seen in <u>Ashe</u>, a consensual undertaking by the parties in a subordination agreement does not change the fact that the lien was created by a judgment.  As we find that Filomena had a judicial lien on the property within the meaning of the statute, the Debtors were entitled to avoid Filomena's judicial lien on their property to the extent it impaired their real estate exemption.

Filomena does not dispute the bankruptcy court's use of the statutory formula to determine whether Debtor's exemption was impaired.  Because Debtors assert that the property value of the real estate changed since the time of the bankruptcy court's decision, we will provide our calculation under the statute.  In doing so, we reach the same result as the bankruptcy court in finding that the judicial lien impaired the exemption under Section 522(f)(2)(A).

For the purposes of this subsection, the provision provides the following:

> [A] lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and

>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

In the instant case, we will insert the applicable numbers into the statutory formula:

> (i) the lien ($123,143.10);
>
> (ii) all other liens on the property ($328,000.00 + $115,000.00); and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property ($40,400.00);
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens ($285,000.00).

We calculate the sum total of the first three considerations to be $606,543.10 and exceeded the value of the property ($285,000.00) by $321,543.10. Therefore, Filomena's judicial lien impairs an exemption and the Debtors were entitled to avoid the lien.

Filomena asserts two additional argument that do not necessarily apply to the characterization of the lien or the calculation of the statutory formula. First, it argues that lien avoidance is not "an all or nothing proposition" and cites to In re Denillo, 309 B.R. 866, 874 (W.D. Pa. 2004). In that case, the bankruptcy court found that the portion of a judicial lien that does not impair or interfere with the exemption is not avoidable. Id. Filomena does not indicate how that proposition applies to the instant case or if a portion of their lien did not impair the exemption. We find that in applying the reasoning of the Denillo to the present case that Debtors still can avoid the entire Filomena judicial lien because of the excessive amount by which the liens and exemption exceed the value of Debtor's property. Id. at 874-75 (finding that the amount of the judicial lien, other

7

liens, and exemption exceed the value of the property by $70,172.34, however this figure was less than the judicial lien of $81,788.68, therefore the difference between the two was unavoidable).

Filomena also argues that "even if the lien of Filomena White Realty were to be judicially avoided, by the Debtors' own valuation there would be no equity to protect because of the legally unavoidable mortgage lien of Helen Diecidue which leaves no equity in the property for the Debtors in any scenario." (Filomena Br. at 5 (Doc. 5)).  The statute allows for the Debtors to avoid a lien to the extent that it impairs an exemption.  It does not necessarily guarantee that the Debtors will profit from the avoidance.  Therefore, we find Filomena's argument misplaced.

Finally, the Debtors seek the reimbursement of fees and costs incurred in this appeal under Federal Rules of Appellate Procedure 38.  Under Rule 38, if a court of appeals determines that an appeal is frivolous, it may award damages and costs to the appellee.  FED. R. APP. P. 38.  Although we find that the appeal was not meritorious and that Filomena's arguments were unconvincing, we decline to categorize the appeal as frivolous.  We will therefore deny Debtor's request for fees and costs.

**Conclusion**

For the stated reasons, Filomena's bankruptcy appeal will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FILOMENA WHITE REALTY, INC.,**<br>　　　　**Appellants**<br><br>　　　　v.<br><br>**WILLIAM R. TAITT and**<br>**DIANE TAITT,**<br>　　　　**Appellees** | No. 3:11cv1563<br><br>(Judge Munley)<br><br>(Bankruptcy Appeal) |

## ORDER

**AND NOW**, to wit, this 9th day of March 2012, Filomena White Realty, Inc.'s appeal of Bankruptcy Judge John J. Thomas's order of July 18, 2011 (Doc. 1) is hereby **DENIED**.  The Clerk of Court is directed to close this case.

　　　　　　　　　　　　　　　**BY THE COURT:**


　　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　**United States District Court**